# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL LAWRENCE PACK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-1143 |
| SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant | * | |
| | *** | |
| MICHAEL LAWRENCE PACK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-1144 |
| MARYLAND MOTOR VEHICLE ADMINISTRATION, | * | |
| | * | |
| Defendant | | |
| | *** | |
| MICHAEL LAWRENCE PACK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-1145 |
| VA Veteran Hospital | * | |
| Defendant | * | |
| | *** | |

## **MEMORANDUM OPINION**

Self-represented Plaintiff Michael Lawrence Pack's Complaints in the above listed cases are identical, except each names a different Defendant. Pack also filed a Motion to Proceed in Forma Pauperis in each case, which will be granted. After preliminary review of the Complaints,

this Court finds they fail to state a cognizable federal action, and will dismiss them with prejudice pursuant to 28 U.S.C. 28 U.S.C. § 1915(e)(2).

## BACKGROUND

In these identical Complaints filed on April 18, 2019, Pack, who identifies himself as an Army veteran, states that he is filing a class action for civil rights discrimination based on his difficulty in securing a medical card from the Veterans Administration (VA), a Social Security card from the Social Security Administration (SSA), and an identification card from the Maryland Motor Vehicle Administration (MVA). Pack asserts that without identification, he will be arrested and detained until the police can ascertain his identity. Pack is suing for $10 million in each case.

Pack alleges that on April 10, 2019, he requested but was unable to obtain a replacement medical card at the Veterans Administration (VA) Hospital on Greene Street in Baltimore because he did not have an identification card issued by the Maryland Motor Vehicle Administration (MVA). Pack asserts he went a Social Security Administration (SSA) office on Wabash Avenue in Baltimore where he was denied a new Social Security card because he needed a statement from a VA physician and copies of his medical records to provide proof of his age and identity.

On April 11, 2019, Pack went to the VA Hospital Emergency Room where a nurse directed him to the VA enrollment office. Instead, Pack left and went to the MVA on Reisterstown Road in Baltimore where he applied for and was denied an identification card because he did not have a Social Security card.

## STANDARD OF REVIEW

Federal district judges have discretion under 28 U.S.C. §1915(e)(2) to screen meritless or frivolous cases. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Nasim v. Warden, Maryland*

*House of Correction,* 64 F.3d 951, 953 (4th Cir. 1995). A complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. *See Neitze,* 490 U.S. at 325.

Mindful that Pack has filed these Complaints *pro se,* this Court holds them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Liberal construction will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

## DISCUSSION

To the extent Pack wants to bring each case as a class action, none meets the requisites for a class action, and in any event, Pack may not represent the legal rights of others unless he is a member of the bar. Fed. R. of Civ. P. 23 (a), (g). Further, Pack generally alleges Defendants have violated his civil rights, but does not identify any constitutional right to a VA medical card, a Social Security card or an MVA identification card or explain how the actions alleged here were unlawful. Although Pack's efforts to obtain these cards may be very frustrating for him, they do not support a claim of constitutional dimension.[1]

---

[1] To obtain a VA medical care, Pack may want to return to the enrollment office at the VA as he states he was advised by a nurse. To obtain a VA medical cared, Social Security card, or MVA identification card, he also may want to obtain assistance by calling the following telephone

3

## CONCLUSION

For these reasons, this Court will by separate Order dismiss these cases with prejudice for failure to state a cognizable claim.

May  6 , 2019

*/s/ Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

numbers: 1) for the VA: 1-844-MyVA311 (1-844-698-2311); 2) for the SSA 1-800-772-1213; and 3) for the MVA 410-768-7000.